**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1498
_____

VINCENT SORACE; JOSEPH YERTY; TAMMY YERTY; JAMES ZARONSKY;
LINDA ZARONSKY; VIKTOR STEVENSON; ASHLEY YATES; KIMBERLY
SOLOMON-ROBINSON, individually and on behalf of a class of similarly situated
persons; JENNIFER LYNN HUMMEL; SHAWN DAVID HUMMEL

v.

WELLS FARGO BANK, N.A.

Jennifer Lynn Hummel; Shawn David Hummel,
                                                            Appellants
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:20-cv-04318)
District Judge: Honorable Gerald J. Pappert
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on December 12, 2024

Before: BIBAS, CHUNG, and ROTH, *Circuit Judges*

(Filed: December 16, 2024)
_____

OPINION*
_____

---

\* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

BIBAS, *Circuit Judge*.

Fantasy makes for good novels but bad legal theories. Plaintiffs sued Wells Fargo as a class, alleging that it broke state law when repossessing class members' cars. When they settled, two of the 22,000 class members, the Hummels, raised a slew of objections. The District Court rejected them and approved the settlement. The Hummels now claim that the District Court erred six times over, but we will affirm.

We review a district court's approval of a class settlement for abuse of discretion, while reviewing the underlying legal issues de novo and factual findings for clear error. *In re Prudential Ins. Co. of Am. Sales Prac. Litig. Agent Actions*, 148 F.3d 283, 299 (3d Cir. 1998). We review the standards used to calculate attorney's fees de novo, but check the amount awarded only for abuse of discretion. *In re Wawa, Inc. Data Sec. Litig.*, 85 F.4th 712, 718 n.4 (3d Cir. 2023).

*First*, the Hummels dream up a collusive side deal between Wells Fargo and the class's lawyers. They claim that Wells Fargo agreed not to object to attorney's fees in return for favorable settlement terms. Not so. True, district courts "must be on the lookout for clear sailing clauses" guaranteeing that one side will not oppose attorney's fees. *In re Wawa*, 85 F.4th at 725. But the court scrutinized that provision here. A former federal magistrate judge mediated the settlement and testified that the attorney's fees were not used as a bargaining chip. Plus, the years of litigation reflected zealous advocacy by the plaintiffs' lawyers. And the District Court credibly found the deal procedurally and substantively fair. There is no evidence of a collusive side deal.

*Second*, the Hummels argue that the attorney's fees awarded to the class's lawyers are excessive. They object that the $6 million fee is 40% of the $15 million common fund. District courts must take a "hard look" at attorney's fees to ensure that they are reasonable. *Id.* at 723–25; Fed. R. Civ. P. 23(h). But the District Court analyzed the fees carefully, and the Hummels ignore that the lawyers got the class $65 million in debt forgiveness. Accounting for that benefit, the fee is reasonable.

*Third*, the Hummels fault the release provision as too broad. They say it releases claims unrelated to the car repossessions at issue and thus violates the "identical factual predicate doctrine." It does not. True, it is broad: it takes away even class members' unknown claims against Wells Fargo arising from any of their auto-loan accounts. But parties may negotiate broad releases. *See Halley v. Honeywell Int'l, Inc.*, 861 F.3d 481, 494 (3d Cir. 2017); *see also In re Prudential Ins. Co. of Am. Sales Prac. Litig.*, 261 F.3d 355, 367 (3d Cir. 2001) (enforcing a release that gave up claims "that have been, could have been, may be or could be alleged or asserted now or in the future by Plaintiffs or any Class Member against the Releasees in the Actions"). As the District Court found, the release's scope is proper because it is limited to claims arising from the auto-financing accounts.

*Fourth*, the Hummels detour into tax law, conjuring up a conspiracy to give class members taxable income while letting Wells Fargo take a tax deduction. Yet they have no proof for this speculation. As the Hummels conceded, the settlement's $65 million of debt forgiveness benefits class members. That is our focus, not Wells Fargo's motives. *See* Fed. R. Civ. P. 23(e)(2).

*Fifth*, the Hummels claim that the settlement is inadequate. Below, they argued that class members would get less than $30 per account. They abandon that argument now, seemingly conceding that the settlement's estimate of $97 per account is correct. Instead, they argue that class members like them are entitled to tens of thousands of dollars. This argument overlooks the debt-forgiveness benefit, speculates about tax burdens, and assumes that class members would succeed on their individual claims without incurring substantial costs. As the District Court found, the settlement is adequate.

*Finally*, the Hummels fault the District Court for letting a pro se class member withdraw her objection. They speculate that the class's attorney interfered with this pro se class member and suggest that he may have paid her off. Courts rely on attorneys' honesty. Extraordinary claims about attorneys lying to the court or behaving corruptly require proof, but the Hummels have none. To the contrary, they ignore the objector's affidavit that she was not offered anything of value to withdraw. Their wild accusations are unfounded.

We considered sanctioning the Hummels' counsel for filing a frivolous appeal. We will not because they have never been sanctioned before and did not lie about the law. But they did advocate claims without proof, and we warn them not to do so again.

The Hummels objected to a fair class settlement without any good reason. We reject all their arguments and will affirm the District Court's order approving the class settlement.